**ADR**

**E-FILING**

ORIGINAL FILED

07 OCT 25 AM 9: 26

RICHARD W. WIEKING
U.S. DISTRICT COURT

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   EVELINE HENRIETTE ROSENBERRY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

EVELINE HENRIETTE ROSENBERRY,

Plaintiff,

v.

MANN BRACKEN, LLC, a Georgia limited liability company,

Defendant.

Case No. C07-05448 PVT

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1.   This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-
COMPLAINT

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, MANN BRACKEN, LLC, (hereinafter "MANN BRACKEN"), is a Georgia limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 2727 Paces Ferry Road, Suite 1400, Atlanta, Georgia, 30339-4053. MANN BRACKEN may be served as Follows: James D. Branton, Agent for Service of Process, 2727 Paces Ferry Road, Suite 1400, Atlanta, Georgia, 30339-4053. The principal purpose of MANN BRACKEN is the collection of debts using the mails and telephone, and MANN BRACKEN regularly attempts to collect debts alleged to be due another. MANN BRACKEN is a "debt collector" within the meaning of Civil Code § 1788.2(c). MANN BRACKEN is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

## VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely a credit card account from Chase Bank USA, N.A., and bearing the account number XXXX-XXXX-XXXX-3727 (hereinafter "the debt"). The financial obligation owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant made several telephone calls to Plaintiff, each of which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. On or about November 6, 2006, an employee of Defendant recorded the following automated message on Plaintiff's answering machine:

> This message is for Eveline Rosenberry. Ms. Rosenberry, my name is Mary Dukes. I am calling today from Mann Bracken Law Firm. Ma'am, it is imperative that you call us back immediately at 1-800-817-3214 and my extension is 2488. My direct line is 678-801-2488. I will be here today until 9 p.m. Eastern Time and I am calling regarding an important business matter in this office. Thank you.

12. On or about November 7, 2006, an employee of Defendant recorded the following automated message on Plaintiff's answering machine:

> Eveline Rosenberry, please contact Mary Rivers with Mann Bracken Attorneys at Law. This call is in reference to a very important business matter here at the law firm. It needs immediate attention. Contact me back at 1-800-817-3214, extension 2550. You can also contact me direct - 678-801-2550. It is imperative that you contact me back.

13. On or about November 9, 2006, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> This message is for Eveline Rosenberry. This is Damon Walker with Mann Bracken Attorneys at Law. My toll free number is 1-800-817-3214, extension 2546. You can also reach me directly at 678-801-2546. My hours of operation are Monday through Thursday from 8 a.m. to 9 p.m., and Friday and Saturday from 8 a.m. to 12 noon. I will be in the office today until 9 p.m. Eastern Standard Time. This is a time sensitive matter and very imperative that I do speak with you. Thank you and have a nice day.

1         14.    On or about November 14, 2006, an employee of Defendant recorded the

2 following message on Plaintiff's answering machine:

3     Hello, this call is for Rosenberry, Ev- Eveline Rosenberry. Please return this call back from Nicole Kitchens. I'm calling from Mann Bracken Attorneys at Law. It
4     is imperative that I speak with you immediately. Please return the call back. I would surely appreciate it. I can be reached up until 9 p.m. Eastern Standard Time tonight
5     or you can reach me first thing tomorrow morning at 8 a.m. Eastern Standard Time. I can be reached at 678-801-2535 or toll free 1-800-817-3214, at extension 2535.
6     Please be sure to return the call back. Thank you.

7         15.    On or about November 20, 2006, an employee of Defendant recorded the

8 following message on Plaintiff's answering machine:

9     Hi, this message is for Eveline Rosenberry. This is Miss Carmichaels. I'm calling on behalf of an account that's been placed in our office. I need your undivided
10     attention. I need you to contact me as soon as possible. You can reach me at my toll free number, which is 800-817-3214. The extension is 2367. Or, 678-801-2367.
11     Thank you and have a good day.

12         16.    On or about November 21, 2006, an employee of Defendant recorded the

13 following message on Plaintiff's answering machine:

14     Yeah, this message is for Eveline Rosenberry. Do return my call Eveline. My name is Nate Johnson. My telephone number toll-free is 800-817-3214, extension 2440.
15     Or you can reach me direct on 678-801-2440. I'm calling from the law offices of Mann Bracken and I need to hear from you as soon as you get this message. Thank
16     you.

17         17.    On or about November 22, 2006, an employee of Defendant recorded the

18 following message on Plaintiff's answering machine:

19     This message is for Eveline Rosenberry. This is Tiffany Dubois with Mann Bracken Attorneys office. It is imperative that you contact me. I can be reached at 678-801-
20     2471 or 800-817-3214, extension 2471, regarding a very important business matter.

21         18.    Defendant's answering machine messages were each a "communication" in

22 an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23         19.    Defendant failed to disclose Defendant's identity and the nature of

24 Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. §

25 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.

26 Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

27         20.    Defendant failed to disclose that each of the answering machine messages was

28 a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh*

*v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. CA 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

21. Each of the answering machine messages listed above was designed to instill a false sense of urgency in the listener.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

23. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21 above.

24. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

25. Defendant, MANN BRACKEN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6);

    b. Defendant's answering messages were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and,

    c. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an

award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29 above.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, MANN BRACKEN, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. The financial obligation owed by Plaintiff is a "consumer debt as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35. Defendant's answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

    b. Defendant's answering messages were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17; and,

    c. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

36. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

37. As a result of Defendant's willful and knowing violations of the RFDCPA,

1  Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars
2  ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).
3        38.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to
4  an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil
5  Code § 1788.17.
6        39.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to
7  an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and
8  15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.
9        40.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the
10 RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies
11 that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

13 Plaintiff requests that this Court:

14   a.  Assume jurisdiction in this proceeding;

15   b.  Declare that Defendant's answering machine messages violated the Fair Debt
16       Collection Practices Act, 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11);

17   c.  Declare that Defendant's answering machine messages violated the Rosenthal Fair
18       Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

19   d.  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to
20       15 U.S.C. § 1692k(a)(2)(A);

21   e.  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than
22       $1,000 pursuant to Cal. Civil Code § 1788.30(b);

23   f.  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to
24       15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

25   g.  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15
26       U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

27   h.  Award Plaintiff such other and further relief as may be just and proper.

28 ///

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    EVELINE HENRIETTE
    ROSENBERRY

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EVELINE HENRIETTE ROSENBERRY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.