TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Mann Bracken, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELINE HENRIETTE ROSENBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>MANN BRACKEN, LLC, a Georgia limited liability company,<br><br>Defendant. | CASE NO.: C07-05448-JW<br><br>**ANSWER TO COMPLAINT** |

ROSENBERRY V. MANN BRACKEN, LLC (CASE NO. C07-05448-JW)
ANSWER TO COMPLAINT

Defendant MANN BRACKEN, LLC ("Defendant") hereby submits the following Answer to the First Amended Complaint ("Complaint") filed in this action by plaintiff EVELINE HENRIETTE ROSENBERRY ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d) and 28 U.S.C. § 1337; that supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367; and that declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. Denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1692k(d). Defendant admits that it has, at times, conducted interstate business with residents of this judicial district. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of

1  this Court.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

7.   Defendant admits, on information and belief, that Plaintiff is a natural person residing in Santa Clara County, California.  Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by California Civil Code § 1788.2(h).  On that basis, Defendant denies the allegations.  Defendant also lacks sufficient knowledge to form a belief as to whether Plaintiff is a "senior citizen" as defined by Cal. Civ. Code § 1761(f) and on that basis, denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.   In answering Paragraph 8 of the Complaint, Defendant admits that it is a Georgia limited liability partnership with its principal place of business located at 2727 Paces Ferry Road, Suite 1400. Atlanta, Georgia 30339-4053.  Defendant further admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6); that it uses the mail and telephone to conduct its business; and that it has, at times, attempted to collect debts that are due to others.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.   In answering Paragraph 9 of the Complaint, Defendant admits, on information and belief, that Plaintiff incurred a financial obligation through the use of a credit card account which was issued by Chase Bank USA, N.A.  Defendant lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 9 of the Complaint and on that basis, denies them.

10.   Admitted.

11.   In answering Paragraph 11 of the Complaint, Defendant admits that it sent Plaintiff a letter dated November 6, 2006 the contents of which are self-

1  explanatory.  Defendant lacks sufficient knowledge to form a belief as to whether
2  Plaintiff's financial obligation at issue was incurred primarily for personal, family
3  or household purposes, and therefore can neither admit nor deny whether the letter
4  qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2) and on that
5  basis, denies the allegation.  Except as herein admitted, the remaining allegations
6  of Paragraph 11 are denied.

7      12.   In answering Paragraph 12 of the Complaint, Defendant admits that it
8  sent Plaintiff a letter dated November 6, 2006 the contents of which are self-
9  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 12
10  are denied.

11     13.   In answering Paragraph 13 of the Complaint, Defendant admits that it
12  sent Plaintiff a letter dated November 6, 2006 the contents of which are self-
13  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 13
14  are denied.

15     14.   In answering Paragraph 12 of the Complaint, Defendant admits that it
16  sent Plaintiff a letter dated November 6, 2006 the contents of which are self-
17  explanatory.  Defendant lacks sufficient knowledge to form a belief as to whether
18  the postage meter stamp on the envelope containing that letter was dated November
19  7, 2006, and on that basis denies the allegation.  Except as herein admitted, the
20  remaining allegations of Paragraph 14 are denied.

21     15.   In answering Paragraph 15 of the Complaint,  Defendant admits that
22  its letter to Plaintiff dated November 6, 2006 was deposited in the United States
23  Mail.  Except as herein admitted the remaining allegations of Paragraph 15 are
24  denied.

25     16.   In answering Paragraph 16 of the Complaint, Defendant admits that it
26  made telephone calls to Plaintiff.  Defendant lacks sufficient knowledge to form a
27  belief as to whether Plaintiff's financial obligation at issue was incurred primarily
28

1  for personal, family or household purposes, and therefore can neither admit nor
2  deny whether the telephone calls qualify as a "communications" as defined by 15
3  U.S.C. § 1692a(2) and on that basis, deny the allegation.  Except as herein
4  admitted, the remaining allegations of Paragraph 16 are denied.

5       17.    Denied.

6       18.    In answering Paragraph 18 of the Complaint, Defendant admits that
7  its representative made a telephone call to Plaintiff on or about November 6, 2006
8  and left a voicemail message, the contents of which are self-explanatory.  Except as
9  herein admitted, the remaining allegations of Paragraph 16 are denied.

10       19.    In answering Paragraph 19 of the Complaint, Defendant admits that
11  its representative made a telephone call to Plaintiff on or about November 7, 2006
12  and left a voicemail message, the contents of which are self-explanatory.  Except as
13  herein admitted, the remaining allegations of Paragraph 19 are denied.

14       20.    In answering Paragraph 20 of the Complaint, Defendant admits that
15  its representative made a telephone call to Plaintiff on or about November 9, 2006
16  and left a voicemail message, the contents of which are self-explanatory.  Except as
17  herein admitted, the remaining allegations of Paragraph 20 are denied.

18       21.    In answering Paragraph 21 of the Complaint, Defendant lacks
19  sufficient knowledge to form a belief as to the allegations of Paragraph 21 of the
20  Complaint and on that basis, denies them.

21       22.    In answering Paragraph 22 of the Complaint, Defendant admits that
22  its representative made a telephone call to Plaintiff on or about November 14, 2006
23  and left a voicemail message, the contents of which are self-explanatory.  Except as
24  herein admitted, the remaining allegations of Paragraph 22 are denied.

25       23.    In answering Paragraph 23 of the Complaint, Defendant admits that
26  its representative made a telephone call to Plaintiff on or about November 20, 2006

27
28

and left a voicemail message, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24. In answering Paragraph 24 of the Complaint, Defendant admits that its representative made a telephone call to Plaintiff on or about November 21, 2006 and left a voicemail message, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. In answering Paragraph 25 of the Complaint, Defendant admits that its representative made a telephone call to Plaintiff on or about November 22, 2006 and left a voicemail message, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. In answering Paragraph 31 of the Complaint, Defendant admits that Plaintiff purports to bring her first claim for relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32. Defendant incorporates by reference its responses to Paragraphs 1 through 30 above, as if fully stated herein.

33. In answering Paragraph 33 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34.     In answering Paragraph 34 of the Complaint, Defendant admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 34 are denied.

35.     In answering Paragraph 35 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 35 are denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     In answering Paragraph 39 of the Complaint, Defendant admits that Plaintiff purports to bring her second claim for relief pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.  Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40.     Defendant incorporates by reference its responses to Paragraphs 1 through 38 above, as if fully stated herein.

41.     In answering Paragraph 41 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 41 are denied.

42.     Denied.

43.     In answering Paragraph 43 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation

at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 43 are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA and the Rosenthal Act must be rejected as they would place an unreasonable restraint upon the exercise of Defendant's rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant request judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: November 23, 2007       SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR


By:   s/Tomio B. Narita

     Tomio B. Narita
     Attorneys for Defendant
     Mann Bracken, LLC